**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No.:

**ERICA DRECKMAN,**

    Plaintiff,

v.

**EDMONDS AND RUSSELL, PC, a Wyoming Professional Corporation,**

    Defendant

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")..

**VENUE**

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

**PARTIES**

7. Plaintiff Erica Deckman is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Edmonds and Russell, P.C. (hereinafter "Defendant") is a Wyoming business entity operating from an address of 723 Montclair Drive, Cheyenne, Wyoming 82009 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant is not registered as a debt collection company with the Office of the Colorado Attorney General's licensing division.

## FACTUAL ALLEGATIONS

10. The Defendant is attempting to collect a debt that was for a household, family or personal nature and is a debt that is described in the FDCPA, 15 U.S.C. §1692a(5).

11. On May 2, 2012 the Defendant sent a letter to the Plaintiff on letterhead that purports to be that of a law firm.

12. The letter is an attempt to collect a debt and threatens "[i]f you fail to resolve this matter within 30 days, we may commence a civil action against you."

13. The letter further states that "[a]ll communications from this law firm including this letter are from a debt collector and are attempts to collect a debt."

14. The letter is an attempt to coerce a consumer into believing that legal action is eminent unless the consumer pays the debt that is alleged.

15. *"An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996).

16. The Defendant has no intention of filing a civil action and thus its threat that a civil action may be commenced is untrue and violates the FDCPA, 15 U.S.C. §1692e(5).

17. A debt collector who communicates with a consumer under the pretense of being a lawyer or a law firm violates the FDCPA, 15 U.S.C. §1692e(3).

18. In violation of the FDCPA, 15 U.S.C. §1692g(a)(2) the letter that was sent to the Plaintiff fails to name the original creditor that the debt is allegedly owed to.

19. In violation of the FDCPA, 15 U.S.C. §1692g(a)(5), the letter fails to provide the address of the original creditor.

20. The letter received by the Plaintiff is signed by "L Hopkins."

21. There is no record of an attorney by with the last name of Hopkins registered in the State of Colorado that is employed by Edmonds and Russell, P.C.

22. It is misleading to suggest that a letter is from a law firm, signed by a lawyer, when in fact neither proposition appears to be true.

23. The FDCPA prohibits a debt collector from providing a consumer with false and/or misleading information, see 15 U.S.C. §1692e.

24. The FDCPA is designed to "protect[s] all consumers, the gullible as well as the shrewd." *Clomon v. Jackson,* 988 F.2d 1314 (2d Cir. 1993).

25. The FDCPA is remedial statute to be liberally construed in favor of the consumer. *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

26. Violations of 15 U.S.C. §1962e should be evaluated from the prospective of the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168 (11th Cir. 1985).

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 et seq.

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

3. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

4. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just.

5

Respectfully submitted,

s/Troy D. Krenning
Troy D. Krenning, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com

s/Jill Gookin
Jill Gookin, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com

s/Andrea Fulton
Andrea Fulton, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: andrea@gkalaw.com
Attorneys for Plaintiff